```
EDWARD JUN FETZER, ESQ. (199879)
EMERALD PLAZA CENTER
402 West Broadway, Suite 400
San Diego, CA  92101
Phone: (619) 764-1314
edwardfetzer@gmail.com

Attorney for Creditor Mary Wilson
```

# UNITED STATES BANKRUPTCY COURT

## Central District of California

| | |
|---|---|
| In re:<br><br>Kent Ivan Davis,<br><br>    Debtor(s).<br>_____<br><br>MARY WILSON, an individual,<br><br>    Plaintiff<br>v.<br><br>Kent Ivan Davis, and DOES 1 through 10, inclusive,<br><br>    Debtor/Defendant(s) | Case #: 6:23-bk-11505-SY<br><br>Chapter 7<br><br>Adv. Pro. #:<br><br>**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523 AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727** |

    Plaintiff/Creditor MARY WILSON, a California Corporation, brings this Adversary Proceeding against Debtor/Defendant KENT IVAN DAVIS to determine dischargeability of debts owed to Plaintiff under 11 U.S.C. §523 and to object to Defendant's Chapter 7 discharge under 11 U.S.C. §727.

# I.

## JURISDICTION

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §§151, 157, and 1334 and General Order No. 13-05 of the District for the Central District of California.

2. This action is a core proceeding under 28 U.S.C. §157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§1408(2) and 1409.

4. Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

# II.

## PARTIES

5. Plaintiff MARY WILSON (hereinafter "Plaintiff") is an individual residing in Hawaii County, State of Hawaii.

6. Debtor/Defendant KENT IVAN DAVIS (hereinafter "Debtor" or "Defendant") is an individual residing in Hawaii County, State of Hawaii. Defendant filed a Chapter 7 bankruptcy case (Case # 6:23-bk-11505-SY), on or about 04/13/2023, in the United States Bankruptcy Court for the Central District of California.

7. Plaintiff is listed as a creditor in Defendant's Chapter 7 bankruptcy schedules where Defendant incorrectly stated Plaintiff's address on Schedule E/F. Defendant owes Plaintiff approximately $15,000.00, plus interest, attorney's fees and costs, on a judgment entered on or about 06/04/2021 in favor of

Plaintiff and against Defendant in the Third Circuit District Court for the State of Hawaii (Ka'u Division) Case # #3SS19-1-79K.

8. Plaintiff is unaware of the true names and capacities of DEFENDANTS DOES 1-10, inclusive.  Plaintiff is informed and believes and thereon alleges that each fictitious defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, the same will seek to amend this complaint and all proceedings to set forth the same.

## III.

## FIRST CLAIM FOR RELIEF:

## OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(4)(A)

9. Plaintiff realleges and incorporates by reference the paragraphs above as though set forth fully herein.

10. Plaintiff objects to Defendant's discharge on the grounds that Defendant knowingly and fraudulently made false oaths in this case, including but not limited to, failure to disclose assets on his bankruptcy schedules, failure to provide financial information as required on his *Statement of Financial Affairs* ("SOFA") herein, and false statements under oath at his Section 341(a) Meeting of Creditors and continued Section 341(a)

Meeting of Creditors in his above-referenced Chapter 7 bankruptcy case, including (but not limited to) the following:

- Defendant does <u>not</u> reside in the State of California. Defendant is an individual residing in Hawaii County, State of Hawaii, and is <u>not</u> eligible to file for bankruptcy relief in the Central District of California Bankruptcy Court.

- Defendant failed to declare on his bankruptcy schedules real property, vehicles, and other assets owned and/or controlled by him and/or fraudulently transferred to sham trusts including, but not limited to, two real properties (92-8844 Poha Dr., Oceanview, Hawaii 96704 and 2193 W. Carolina Ave., 29 Palms, CA 92277), multiple automobiles, as well as household furnishings & appliances;

- Defendant did not declare his interests in the Black Sands Trust, the Blue Ski Trust, and the Woop Woop Trust which Defendant controls and operates to hold property and conceal asset from creditors; and

- Plaintiff is informed and believes that Defendant's SOFA contains multiple false statements, including (but not limited to) SOFA #18 and #19.

11. Under the penalty of perjury, Defendant certified that his bankruptcy schedules and testimony herein were true and correct to the best of his knowledge, information, and belief,

4

ADVERSARY COMPLAINT                                    Case No. _____

when in truth and fact, Defendant then well knew that his bankruptcy schedules and testimony contained material false statements.  As provided in 28 U.S.C. §1746, such certification had like force and effect as an oath.

12.  Based upon the foregoing, the discharge of Defendant should be denied under 11 U.S.C §727(a)(4)(A).

### IV.

### SECOND CLAIM FOR RELIEF:

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(3)

13.  Plaintiff realleges and incorporates by reference the paragraphs above as though set forth fully herein.

14.  While under oath at her Section 341(a) Meeting of Creditors and continued Section 341(a) Meeting of Creditors in her above-referenced Chapter 7 bankruptcy case, Defendant was requested to produce all documents related to the Black Sands Trust and the Blue Ski Trust which Debtor acts (or has acted) as the Trustor, Trustee, and/or beneficiary. Defendant, however, claims to have no records, no communications, or any other details about the aforementioned trusts in which he has (or had) an interest and into which he transferred real property.

15.  Because Defendant has no business records regarding his trusts, Plaintiff is unable to ascertain, *inter alia*, whether Defendant might still have an interest in said real properties and whether transfers of said real properties were fraudulent conveyances.

16. Plaintiff is informed and believes that the aforementioned real property transfers are taxable events and that Defendant's tax returns should show such transactions, if any.

17. Plaintiff objects to Defendant's discharge on the grounds that Defendant failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained, including but not limited to, books, records, documents, and papers in connection with the Black Sands Trust and the Blue Ski Trust.

18. Based upon the foregoing, the discharge of Defendant should be denied under 11 U.S.C §727(a)(3).

**IV.**

**THIRD CLAIM FOR RELIEF:**

**OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(5)**

19. Plaintiff realleges and incorporates by reference the paragraphs above as though set forth fully herein.

20. In addition to the complete lack of business records for his trusts, Defendant fails satisfactorily explain the nature of his interests in the real properties located at 92-8844 Poha Dr., Oceanview, Hawaii 96704 and 2193 W. Carolina Ave., 29 Palms, CA 92277 and/or his loss of said real properties which Plaintiff is informed and believes is worth approximately $200,000.00. Curiously, Defendant declares practically no assets on his

bankruptcy schedules even though he controls and benefits from the aforementioned real properties.

21. Plaintiff objects to Defendant's discharge on the grounds that Defendant failed to satisfactorily explain a loss of assets and income to meet his liabilities, including but not limited to, the disposition of the real properties located at 92-8844 Poha Dr., Oceanview, Hawaii 96704 and 2193 W. Carolina Ave., 29 Palms, CA 92277.

22. Based upon the foregoing, the discharge of Defendant should be denied under 11 U.S.C §727(a)(5)

**V.**

**FOURTH CLAIM FOR RELIEF:**

**DETERMINATION OF NONDISCHARGEABILITY UNDER**

**11 U.S.C. §523(a)(6)**

23. Plaintiff realleges and incorporates by reference the paragraphs above as though set forth fully herein.

24. On the date of the filing of Defendant's bankruptcy petition, Defendant was indebted to Plaintiff approximately $15,000.00, plus interest, attorney's fees and costs, on a judgment entered on or about 06/04/2021 in favor of Plaintiff and against Defendant in the Third Circuit District Court for the State of Hawaii (Ka'u Division) Case # #3SS19-1-79K.

25. Plaintiff's judgment against Defendant arises from Defendant's assault against Plaintiff for which Defendant was charged with Robbery 2, Theft, or Motor Vehicle Theft & Force

7

ADVERSARY COMPLAINT                                              Case No. _____

under Hawaii Revised Statutes ("HRS") 708-841(1)(a) {which was later amended to Assault in the Third Degree [HRS 707-712(1)(a)]} to which Defendant was sentenced to 30 days jail, one (1) year probation, and was ordered to take anger management classes, pay restitution in the amount of $867.79, and to have no contact with Plaintiff or her husband. See *Judgment and Notice of Entry of Judgment*, entered on 06/10/2019, in Third Circuit District Court Case # 3DCW-19-0000980, attached at **Exhibit 1**, hereto.

26. Based upon the foregoing, the Defendants' debt to Plaintiff in the approximate amount $15,000.00 for willful and malicious injury by Defendant to Plaintiff, plus interest and costs, is nondischargeable under 11 U.S.C §523(a)(6).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff having set forth its claims for relief against the Defendant respectfully pray of the Court for relief as follows:

A.   That Defendant's Discharge of Debts be denied pursuant to Section 727(a) of the Bankruptcy Code;

B.   For a determination and judgment that Defendant's debt to Plaintiff in the sum of approximately $15,000.00 be non-dischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code;

C.   For interest on such damages, according to proof;

D.   For attorney's fees, according to proof;

E.   For costs; and

F.  Such other and further relief as the Court may deem just and proper.

Dated: July 17, 2023

/s/ Edward J. Fetzer
Edward J. Fetzer, Esq.
Attorney for Plaintiff MARY WILSON.

**EXHIBIT "1"**

**Electronically Filed
THIRD CIRCUIT
3DCW-19-0000980
10-JUN-2019
04:23 PM**

IN THE DISTRICT COURT OF THE THIRD CIRCUIT
STATE OF HAWAI`I
KA`U DIVISION

| STATE OF HAWAI`I, | CASE NO. 3DCW-19-0000980 |
|---|---|
| Plaintiff | |
| vs. | |
| Kent I Davis, | JUDGMENT AND NOTICE OF ENTRY OF JUDGMENT |
| Defendant. | |
| Party ID: @202178 | |

Kent I Davis

| Judge: Cynthia Tai | Defendant: Present |
|---|---|
| DPA: Annaliese Wolf | Release Status: Not Specified |
| Defense Atty: William Reece | Hearing Date: June 10, 2019 |

| Ct. | Rpt./Cit./Incident No. | Original Charge(s) | **Current Charge(s)** | Plea | **Disposition** |
|---|---|---|---|---|---|
| 1 | C19-04121 | Robbery 2 theft or motor vehicle theft & force HRS 708-841(1)(a) | ASSAULT IN THE THIRD DEGREE HRS 707-712(1)(a) | No Contest | Accept Nolo Contendere Plea |

**JUDGMENT AND SENTENCE OF THE COURT**

Defendant is ordered to:

Ct.

1    Comply    Defendant is placed on Probation 1 Year(s)

1 of 5

Case 6:23-ap-01074-SY    Doc 1    Filed 07/17/23    Entered 07/17/23 17:40:16    Desc
Main Document    Page 12 of 15

STATE OF HAWAI`I  vs. Kent I Davis 3DCW-19-0000980

It is further ordered:

Referred to AJCSRU/CSSB for Restitution.

STATE OF HAWAI`I  vs. Kent I Davis 3DCW-19-0000980

# CONDITIONS OF PROBATION PURSUANT TO HRS §706-624

IT IS THE ORDER OF THE COURT THAT DURING YOUR TERM, YOU SHALL COMPLY IN ALL RESPECTS WITH THE FOLLOWING MANDATORY CONDITIONS:

1. You shall not commit another federal or state crime during your deferred term or term of probation;
2. You shall report to your probation officer as ordered by the Court or by your probation officer. After this hearing or upon your release from confinement, you are ordered to report immediately to the Adult Probation Services at:

   Adult Client Services Branch
   Lender's Document Building
   77-6399 Nalani Street, Suite A
   Kailua-Kona, HI 96740
   Phone Number: (808) 443-2191

3. You shall remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer;
4. You shall notify a probation officer prior to any change in address or employment;
5. You shall permit a probation officer to visit your home and any other places specified by the Court at all reasonable times;
6. You shall promptly notify your probation officer if you are arrested or questioned by a law enforcement officer;
7. You shall make restitution for losses suffered by the victim or victims if the court has ordered restitution pursuant to HRS §706-646.

You shall also comply with the following SPECIAL CONDITIONS:

Ct.

| | | |
|---|---|---|
| 1 | Pay | $55.00 Crim Inj Comp Fee |
| | Pay | $75.00 Probation Fee |
| | Pay | $867.79 Restitution via Court's Fiscal Dept. to Mary Wilson (to be paid by 06/12/2019 Payment may be paid between 8am and 4pm) |
| | Serve | 30 Day(s) Jail mittimus to issue on 06/17/2019 at 10:00 a.m. |
| | Comply | (1) Attend and successfully complete an anger management program as recommended by your probation officer, at your own expense, until clinically discharged. |
| | Comply | (2) Do not contact (in any manner): Mary Wilson and John Wilson and abide by any existing restraining orders |

STATE OF HAWAI`I  vs. Kent I Davis 3DCW-19-0000980

Note: If your whereabouts become unknown to your probation officer because you fail to keep him/her informed, the Court may order your arrest. Any failure to comply with all of the conditions (including special conditions) of your sentence or deferment will mean that the Court can revoke your probation or set aside your deferment and sentence you to imprisonment and/or change or add to the conditions of your supervision.

STATE OF HAWAI`I  vs. Kent I Davis 3DCW-19-0000980

**BAIL IS ORDERED DISPOSED as follows:**

| BBRA | Type | Amount | Disposition | Notes |
|---|---|---|---|---|
| 300059623 | Bond | $5,000.00 | | Bond reinstated and Discharged |
| 300059648 | Bond | $10,000.00 | Discharged | |

Dated: Kealakekua, Hawai`i,
June 10, 2019



/s/ Cynthia Tai
Judge

### NOTICE OF ENTRY OF JUDGMENT

This Judgment has been entered and copies mailed, delivered and/or sent via electronic notification to all parties.

Dated: June 10, 2019



/s/ Lisa Ciriako
Clerk



In accordance with the Americans with Disabilities Act, if you require an accommodation or assistance, please contact the District Court Administration Office at PHONE NO. (808) 961-7424, FAX (808) 961-7416, TTY (808) 961-7422, or by email to adarequest@courts.hawaii.gov at least ten (10) working days in advance of your hearing or appointment date.